UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOUKSAVANH PHENGTHAVY,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>ANDREW SAUL, Commissioner of Social Security,<br><br>　　　　　　　　　　Defendant. | Case No.: 20-CV-1326-WVG<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS**<br><br>**[Doc. No. 2.]** |

　　　Plaintiff files for leave to proceed in forma pauperis on the Complaint. (Doc. No. 2.) The Court reviews Plaintiff's complaint under 28 U.S.C. § 1915(e), as required when a plaintiff files a motion to proceed in forma pauperis. The Court finds that the Complaint sufficiently states a claim for relief. Thus, the Court GRANTS the IFP motion.

## I.　MOTION FOR IFP

　　　Plaintiff moves to proceed IFP under 28 U.S.C. § 1915. All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP under 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d

1176, 1177 (9th Cir. 1999). All actions sought to be filed IFP under § 1915 must be accompanied by an affidavit, signed by the applicant under penalty of perjury, that includes a statement of all assets which shows inability to pay initial fees or give security. CivLR 3.2.a.

Plaintiff declares income in the form of $449 per month in "general relief" and $194 per month in EBT payments. Plaintiff claims $393.25 per month in expenses. Plaintiff also claims to not having been employed within the past twelve months or having any other assets. The Court finds Plaintiff has sufficiently shown an inability to pay the filing fee.

## II.   SCREENING UNDER 28 U.S.C. § 1915(e)

Under 28 U.S.C. § 1915(e)(2), when reviewing an IFP motion, the Court must rule on its own motion to dismiss before the complaint is served. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). ("[S]ection 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.") The Court must dismiss the complaint if it is frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (noting 28 U.S.C. § 1915(e)(2)(B) is "not limited to prisoners"); *Lopez*, 203 F.3d at 1127 ("[§] 1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim.").

Social security appeals are not exempt from the § 1915(e) screening requirement. *Hoagland v. Astrue*, No. 12CV973-SMS, 2012 WL 2521753, at *1 (E.D. Cal. June 28, 2012); *see also Lopez*, 203 F.3d at 1129 ("section 1915(e) applies to all in forma pauperis complaints."). "Every plaintiff appealing an adverse decision of the Commissioner believes that the Commissioner was wrong." *Hoagland*, 2012 WL 2521753, at *3. "A complaint merely stating that the Commissioner's decision was wrong is plainly insufficient to satisfy a plaintiff's pleading requirement." *Schwei v. Colvin*, No. 15CV1086-JCM-NJK, 2015 WL 3630961, at *2 (D. Nev. June 9, 2015). Instead, "[a] complaint appealing the Commissioner's denial of disability benefits must set forth a brief statement of facts setting

forth the reasons why the Commissioner's decision was wrong." *Hoagland*, 2012 WL 2521753, at *2 (collecting cases) (emphasis added).

Based on the Court's review of the Complaint, the Court finds Plaintiff has more than sufficiently satisfied the minimal pleading standards above.[1]

### III.   CONCLUSION

The motion to proceed IFP is GRANTED.

**IT IS SO ORDERED.**

DATED:  July 16, 2020

Hon. William V. Gallo
United States Magistrate Judge

---

[1] Counsel for Plaintiff is commended for the effort put into crafting the Complaint, as Social Security appeal complaints are ordinarily boilerplate and without any meaningful detail whatsoever. The Complaint in this case is the most thorough and well-thought-out complaint this Court has ever seen in such a case. The Court appreciates counsel's efforts.